**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | Case No. |
| Plaintiff, | |
| v. | |
| **KEVIN L. CARLO,** | **COMPLAINT** |
| Defendant. | |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. 553, *et seq,* and Massachusetts General Laws Chapter 93A Section 11.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331 as this civil action arises under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised *Moseley, Vargas and Mayweather Programs* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff

within the control of the Plaintiff in the Commonwealth of Massachusetts as more particularly set forth below.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Massachusetts, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the Commonwealth of Massachusetts (28 U.S.C. §1391 (b)).

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Central Division of the District of Massachusetts is proper because a substantial part of the events or omissions giving rise to the claim occurred in Worcester County and/or the District Court for the District of Massachusetts has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

7. Defendant Kevin L. Carlo is a natural person who, on information and belief, resides at 72 Carroll Road, Grafton, Massachusetts and is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of a commercial establishment doing business as "Fat Tony's Pub" operating at 1102 Main Street, Worcester, Massachusetts.

## COUNT I

**(Violation of Title 47 U.S.C. Section 605)**

8. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-7, inclusive, as though set forth herein at length.

9. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Fast and Furious: Shane Moseley v. Miguel Cotto, WBA Welterweight Championship Fight Program,* telecast nationwide on Saturday, November 10, 2007 (hereinafter referred to as the "*Moseley Program*").

10. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Massachusetts, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Moseley Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

11. As a commercial distributor and licensor of sporting events, including the *Moseley Program*, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Moseley Program* to its customers, the aforementioned commercial entities.

12. With full knowledge that the *Moseley Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, Kevin L. Carlo and/or his agents, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Moseley Program* at the time of its transmission at his commercial establishment, Fat Tony's Pub, located at 1102 Main Street, Worcester, Massachusetts.

13. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or

exhibition by the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

14. Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission of the *Moseley Program* for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

15. By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 605, *et seq.*

16. By reason of the Defendant's violation of Title 47 U.S.C. Section 605*, et seq*., Plaintiff J & J Sports Productions, Inc., has a private right of action pursuant to Title 47 U.S.C. Section 605.

17. As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from the Defendant:

    (a) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (b) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## **COUNT II**
### **(Violation of Title 47 U.S.C. Section 605)**

18. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *The Brawl: Fernando Vargas v. Ricardo Mayorga WBC*

*Continental Americas Super Middleweight Championship Fight Program,* telecast nationwide on Friday, November 23, 2007 (hereinafter referred to as the "*Vargas Program*").

20. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Massachusetts, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Vargas Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

21. As a commercial distributor and licensor of sporting events, including the *Vargas Program*, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Vargas Program* to its customers, the aforementioned commercial entities.

22. With full knowledge that the *Vargas Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, Kevin L. Carlo and/or his agents, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Vargas Program* at the time of its transmission at his commercial establishment, Fat Tony's Pub, located at 1102 Main Street, Worcester, Massachusetts.

23. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

24. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Vargas Program* for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

25. By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 605, *et seq.*

26. By reason of the Defendant's violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff J & J Sports Productions, Inc., has a private right of action pursuant to Title 47 U.S.C. Section 605.

27. As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from the Defendant:

    (c) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (d) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III
**(Violation of Title 47 U.S.C. Section 605)**

28. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-27, inclusive, as though set forth herein at length.

29. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Undefeated: Floyd Mayweather v. Ricky Hatton WBC Welterweight Championship Fight Program,* telecast nationwide on Saturday, December 8, 2007 (hereinafter referred to as the "*Mayweather Program*").

30. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities

within the State of Massachusetts, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Mayweather Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

31.  As a commercial distributor and licensor of sporting events, including the *Mayweather Program*, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Mayweather Program* to its customers, the aforementioned commercial entities.

32.  With full knowledge that the *Mayweather Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, Kevin L. Carlo and/or his agents, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Mayweather Program* at the time of its transmission at his commercial establishment, Fat Tony's Pub, located at 1102 Main Street, Worcester, Massachusetts.

33.  Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

34.  Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission of the *Mayweather Program* for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

35.  By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 605, *et seq.*

36.  By reason of the Defendant's violation of Title 47 U.S.C. Section 605, *et seq*., Plaintiff J & J Sports Productions, Inc., has a private right of action pursuant to Title 47 U.S.C. Section 605.

37.  As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 605, and

pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from the Defendant:

 (e) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

 (f) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT IV

### (Violation of Title 47 U.S.C. Section 553)

38. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-37, inclusive, as though set forth herein at length.

39. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Moseley Program* by Kevin L. Carlo at his commercial establishment, Fat Tony's Pub, was prohibited by Title 47 U.S.C. Section 553, *et seq.*

40. By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 553, *et seq.*

41. By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

42. As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from the Defendant:

 (a) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(B); and also

(b)     the recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT V

### (Violation of Title 47 U.S.C. Section 553)

43.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-42, inclusive, as though set forth herein at length.

44.    The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Vargas Program* by Kevin L. Carlo at his commercial establishment, Fat Tony's Pub, was prohibited by Title 47 U.S.C. Section 553, *et seq.*

45.    By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 553, *et seq.*

46.    By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

47.    As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from the Defendant:

(b)     Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(B); and also

(b)     the recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT VI

### (Violation of Title 47 U.S.C. Section 553)

48. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-47, inclusive, as though set forth herein at length.

49. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Mayweather Program* by Kevin L. Carlo at his commercial establishment, Fat Tony's Pub, was prohibited by Title 47 U.S.C. Section 553, *et seq.*

50. By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 553, *et seq.*

51. By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

52. As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from the Defendant:

    (c)    Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(B); and also

    (b)    the recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT VII
**(Conversion)**

53. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-52, inclusive, as though set forth herein at length.

54. By his aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition

of the *Moseley, Vargas and Mayweather Program* at his commercial establishment at 1102 Main Street, Worcester, Massachusetts the aforementioned Defendant tortiously obtained possession of the *Moseley, Vargas and Mayweather Programs* and wrongfully converted same for his own use and benefit.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT VIII
### (Violation of Massachusetts General Laws Chapter 93A Sections 2 and 11)

55. Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-54, inclusive, as set forth herein at length.

56. At all relevant times, Plaintiff and Defendant were engaged in trade or commerce. Plaintiff was engaged in the exclusive commercial domestic distribution of the televised *Moseley, Vargas and Mayweather Programs*. Defendant was engaged in the ownership, operation, and/or management of the restaurant, Fat Tony's Pub.

57. Plaintiff, the exclusive commercial distributor of the *Moseley, Vargas and Mayweather Programs,* did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Moseley, Vargas and Mayweather Programs* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendants, or any of them.

58. Defendants and/or their agents, servants, workmen, or employees engaged in unfair or deceptive acts or practices in violation of Mass. Gen. Laws c.93A §§ 2 and 11, by unlawfully intercepting, receiving, publishing, divulging, displaying, and/or exhibiting the *Moseley, Vargas and Mayweather Programs* at the real time transmission of the *Moseley, Vargas and Mayweather Programs'* broadcast at his commercial establishment, located at 1102 Main Street, Worcester, Massachusetts without regard whatsoever for the intellectual property rights of the Plaintiff, as more particularly indicated and identified above.

59. Defendant's conduct complained of occurred primarily and substantially in Massachusetts.

60. Defendant willfully or knowingly violated Mass. Gen. Laws c.93A §2.

61. As a result of Defendant's unfair and deceptive business practices, Plaintiff has suffered a loss of money or property.

62. Plaintiff is entitled to multiple damages and attorneys' fees and costs pursuant to Chapter 93A, plus interest.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

### PRAYER FOR RELIEF

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendant, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendant, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Third Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendant, and
2. For reasonable attorneys' fees as mandated by statute, and

3.  For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4.  For such other and further relief as this Honorable Court may deem just and proper;

**As to the Fourth Count:**

1.  For statutory damages in the amount of $60,000.00 against the Defendant, and

2.  For reasonable attorneys' fees as mandated by statute, and;

3.  For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4.  For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fifth Count:**

1.  For statutory damages in the amount of $60,000.00 against the Defendant, and

2.  For reasonable attorneys' fees as mandated by statute, and;

3.  For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4.  For such other and further relief as this Honorable Court may deem just and proper

**As to the Sixth Count:**

1.  For statutory damages in the amount of $60,000.00 against the Defendant, and

2.  For reasonable attorneys' fees as mandated by statute, and

3.  For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4.	For such other and further relief as this Honorable Court may deem just and proper.

**As to the Seventh Count:**

1.	For damages in an amount according to proof against the Defendant, and

2.	For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs and interest, and;

3.	For such other and further relief as this Honorable Court may deem just and proper.

**As to the Eighth Count:**

1.	For in an amount according to proof against the Defendant, and; damages multiple damages, and

2.	For reasonable attorneys' fees, and

3.	For costs of suit and interest, and

4.	For such other and further relief as this Honorable Court may deem just and proper.

                Plaintiff J & J SPORTS PRODUCTIONS, INC.

Dated: October 27, 2010          By:   */s/ Patricia A. Szumowski*
                                        Patricia A. Szumowski  BBO #653839
                                        Andrew G. Bombardier BBO #668830
                                        Attorneys for Plaintiff
                                        **ALBANO & SZUMOWSKI, P.C.**
                                        P.O. Box 377 100 Russell Street
                                        Hadley, MA 01035
                                        (413) 586-5055
                                        pszumowski@albanolaw.net
                                        abombardier@albanolaw.net